UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| **Ronald D. Bibb,** | Case No. 2:24-cv-1808 |
| **Plaintiff,** | Judge James L. Graham |
| V. | Magistrate Judge Kimberly A. Jolson |
| **The U.S. District Court Judge Edmund J. Sargus's Court,** | |
| **Defendant.** | |

**OPINION AND ORDER**

This matter is before the Court on Defendant United States District Court Judge Edmund J. Sargus's Motion to Dismiss (ECF No. 2) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendant asks this Court to dismiss Plaintiff's Complaint and Writ of Mandamus for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and under the doctrine of judicial immunity. (*Id.*) For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 2) is **GRANTED**.

I.  **Background**

Plaintiff Ronald D. Bibb's complaint in this case concerns a prior case filed in the Southern District of Ohio (*see Ronald Bibb v. Malek and Malek, et al.,* Case No. 2:20-cv-06491). In the prior case, Magistrate Judge Elizabeth Preston Deavers issued a Report and Recommendation recommending that Plaintiff's lawsuit be dismissed in its entirety (*Id.*, ECF No. 17). The Magistrate's Report & Recommendation notified the parties that they may object to the findings within fourteen days (28 USC §636(b)(1)). The Report & Recommendation also advised the parties that the failure to object would result in a waiver of the right to *de novo* review of the District Judge and a waiver of the right to appeal the District Court's judgment (*Id.*).

Approximately sixty days later, Defendant, in his capacity as a United States District Court Judge, adopted the Magistrate's Report & Recommendation and dismissed Plaintiff's case (*Id.*, ECF No. 20). More than two and a half years after the Report & Recommendation was adopted, Plaintiff filed a Notice of Appeal with the Sixth Circuit Court of Appeals (*Id.*, ECF No. 24). This Notice was dismissed for lack of jurisdiction since it was not filed within thirty days after the judgment was entered (*Id.*, ECF No. 27).

On March 25, 2024, Plaintiff filed a petition for writ of mandamus relief in the Supreme Court of Ohio (*See* ECF No. 1, Ex. A, *Petition for Writ of Mandamus*). In the petition, Plaintiff alleges that the Defendant decided the prior case without Plaintiff being present or notified about the proceedings (*Id.* at 7). Plaintiff's petition asks for a "retrial from the beginning" and claims that he is entitled to a jury trial in the case (*Id.*). Defendant subsequently removed the Complaint to this Court pursuant to 29 U.S.C. §§ 1442(a)(1) and 1442(a)(3) and moves this Court to dismiss the complaint (ECF No. 1).

Since this case was removed to this Court, Plaintiff has filed various documents including: Notice of Evidence (ECF No. 4); Documentation in support of filing an Injunction (ECF No. 5); Motion to enter documents to the case (ECF No. 6); Notice of Documents (ECF No. 7); Letter & Notices to the Court (ECF No. 8); Letter (ECF No. 10); Motion to ask for Sound and Hearing specialists (ECF No. 11); Notice of Equifax credit reporting documents (ECF No. 12); Notice to file documents (ECF No. 13); Motion to file documents (ECF No. 14); Notice of National News Landmark (ECF No. 15); Injunction query letter (ECF No. 16); Notice to the Court (ECF No. 17); Letter/Evidence of The Coldwell's (ECF No. 18); Motion for Drs. West Hospital (ECF No. 19); Letter to the Supreme Court (ECF No. 20); Motion for Preliminary Injunction from the Military branches (ECF No. 21); Motion to Produce documents from the IRS (ECF No. 22); Motion for Preliminary Injunction for certificate of completion from 12th grade (ECF No. 23); and Motion for Preliminary Injunction against law enforcement withholding evidence (ECF No. 24). In response to Plaintiff's various motions, Defendant filed a reply which stated that the Plaintiff's motions and filings fail to address the arguments made in the Motion to Dismiss (ECF No. 9).

## II. Standard of Review

Defendant United States District Court Judge Edmund J. Sargus moves to dismiss under Fed. R. Civ. P. 12(b)(1) which provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of a Rule 12(b)(1) analysis. *Id.*

A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id.* Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky,* 381 F.3d 511, 516 (6th Cir.2004).

Defendant also moves to dismiss Plaintiff's claim against him under Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal*, 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Twombly*, 550 U.S. at 555–56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of

3

"further factual enhancements"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Though "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," *Twombly*, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555–56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

Defendant moves to dismiss Plaintiff's Complaint on three grounds: (1) the Court lacks subject-matter jurisdiction over this case; (2) Plaintiff fails to demonstrate that he is entitled to a Writ of Mandamus; and (3) Defendant is protected from suit under the doctrine of judicial immunity. All three arguments are meritorious.

#### A. Lack of Subject Matter Jurisdiction 12(b)(1)

It is well settled that state courts lack jurisdiction to issue a writ of mandamus to a federal officer. *Ohio ex rel. Griffin v. Smith*, 2007 WL 1114252, at *1 (S.D. Ohio Apr. 12, 2007) ("Plaintiff sought a writ of mandamus from the Supreme Court of Ohio against

4

Defendant Smith in her official capacity as the Clerk of the Courts for the Northern District of Ohio. As the Magistrate Judge held, a state court does not have jurisdiction to issue a writ of mandamus to a federal officer.") (citing *M'Clung v. Silliman,* 19 U.S. 598, 603 (1821). And under the derivative jurisdiction doctrine, "if a state court did not have jurisdiction over an action that was then removed to federal court, then the federal court will not have jurisdiction even though it could have had jurisdiction if the action was initially brought in federal court." *Id.* (citing *Lambert Run Coal. Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922)); *see Harris v. F.B.I.,* 2016 WL 4764898, at *2 (S.D. Ohio Sept. 13, 2016) ("[T]he derivative jurisdiction doctrine applies to cases removed under 28 U.S.C. § 1442 even if the district court would have had jurisdiction if the plaintiff had originally filed his action there.") (quoting *Waters v. F.B.I.*, 2011 WL 1575602, at *2 (S.D. Ohio Apr. 26, 2011)).

Here, Plaintiff seeks a Writ of Mandamus against a Federal Judge in the Supreme Court of Ohio. Since the Supreme Court of Ohio lacked jurisdiction to issue the Writ, this Court, upon removal, also lacks subject-matter jurisdiction to hear this case.

### B. Failure to Assert Need for Mandamus Relief 12(b)(6)

Defendant also claims that Plaintiff's claim should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P 12(b)(6). To attain a writ of mandamus, a plaintiff must show that "its right to issuance of the writ is 'clear and indisputable.'" *In re Bendectin Prods. Liability Litig.,* 749 F.2d 300, 303 (6th Cir. 1984) (quoting *In re Post-Newsweek Stations, Michigan, Inc.,* 722 F.2d 325, 329 (6th Cir. 1984)). "A writ of mandamus is an extraordinary remedy and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty." *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir.1991) (citing *Heckler v. Ringer*, 466 U.S. 602, 616–17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)). Mandamus relief ought to be used sparingly and should be reserved for only the "most critical and exigent circumstances." *Wisconsin Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1305-06 (2004) (*quoting Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986)). Accordingly, mandamus relief is appropriate only in "matter of usurpation of judicial power or clear abuse of discretion."

5

*Schlagenhuaf v. Holder,* 379 U.S. 104, 111 (1964).

Here, this Court finds that Plaintiff failed to exhaust all other avenues of relief. Plaintiff was given the opportunity to object to the Magistrate's Report & Recommendation, failed to do so, and thereby waived any right to appeal. Plaintiff then waited nearly two-and-a-half years to object to the dismissal. After his appeal to the Sixth Circuit was denied for lack of jurisdiction, Plaintiff incorrectly sought to use a writ of mandamus to advance his complaint against Defendant. Although he may disagree with Defendant's order in the prior case, mandamus relief cannot be used to remedy the disagreement. Plaintiff fails to show that his claim is so extraordinary as to warrant mandamus relief. Aside from claiming that Defendant conducted proceedings in a case without his presence, Plaintiff fails to assert any credible allegations against Defendant (ECF No. 3 at 4). Given that none of these claims rise to the level of extraordinary, this Court finds that mandamus relief is not appropriate.

### C. Doctrine of Judicial Immunity

Defendant also asserts that in his capacity as a United States District Court Judge, he is entitled to judicial immunity for claims arising out of his performance of judicial or quasi-judicial functions (ECF No. 2 at 8). Courts have long recognized the doctrine of judicial immunity to be sweeping and absolute (*See, Forrester v. White*, 484 U.S. 219, 225 (1988). Under absolute judicial immunity, judicial officers are shielded from suits arising out of the performance of their judicial functions, even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

This Court finds that Defendant is entitled to protection from suit under the doctrine of judicial immunity. The record clearly shows that Judge Sargus acted in good faith in dismissing Plaintiff's prior case (ECF No. 20). Under Fed R. Civ P. 72(b), Plaintiff had fourteen days to object to Magistrate Judge Deaver's findings in the Report & Recommendation. Plaintiff was advised of this right and was also informed that a failure to object would result in a waiver of the right to *de novo* review by the District Court Judge (ECF No. 17). Defendant waited roughly sixty days and noting no objections from

6

Plaintiff, adopted the Magistrate's Report & Recommendation, thereby dismissing Plaintiff's case (ECF No. 20). The doctrine of judicial immunity provides protection from suit in cases like the one presently before this Court.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED.** All of Plaintiff's outstanding Motions are **DISMISSED** as moot. This case is hereby **DISMISSED** in its entirety.

**IT IS SO ORDERED**

                                                  s/ James L. Graham
                                                  JAMES L. GRAHAM
                                                  United States District Judge

DATE: May 31, 2024